IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ROBERT E. WILLIAMS, individually and on behalf of all others similarly situated,** | |
| Plaintiff, | C.A. No. 4:14-cv-2156 |
| v. | |
| **NATIONAL OILWELL VARCO,** | Jury Trial Demanded |
| Defendant. | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**ROBERT E. WILLIAMS**, Plaintiff, individually and on behalf of all others similarly situated, by and through his counsel, complains of **NATIONAL OILWELL VARCO,** (hereinafter referred to as "NOV"), Defendant, and for cause of action against it, would show the Court as follows:

1. INTRODUCTION

1.1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e-5(f)(1) and (3) ("Title VII"), to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Plaintiff and a class of Black applicants who were adversely affected by such practices.

1.2. Plaintiff brings this action on behalf of himself, and as a nationwide class action, and alleges that Defendant has engaged in discrimination against Black applicants in violation of Title VII.

1.3. Plaintiff demands a JURY TRIAL in this case as to any and all issues triable to a jury.

1

1.4. This action seeks equitable and injunctive relief, compensatory and punitive damages, liquidated damages, attorneys' fees, expert witness fees, taxable court costs, and pre-judgment and post-judgment interest.

## 2. PARTIES

2.1. Plaintiff Robert E. Williams is a resident of Houston, Harris County, Texas. At all pertinent times, he was a resident of Houston, Harris County, Texas.

2.2 Defendant NOV is a foreign for-profit corporation authorized to do business in the State of Texas. Process may be served on NOV's registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## 3. CLASS ACTION ALLEGATIONS

3.1 Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. Rule 23(b)(3) on behalf of a class consisting of: **All Black applicants who were impacted by Defendant's consideration of their criminal history when Defendant made its decision not to hire them.**

## 4. VENUE

4.1. Venue is appropriate in the United States District Court for the Southern District of Texas, in that the corporate Defendant has significant contacts within this district, and the Plaintiff resides within this district.

## 5. JURISDICTION

5.1. The jurisdiction of this Court is invoked pursuant to Title VII.

5.2. The unlawful employment practices were committed within the jurisdiction of this Court.

5.3. The amount in controversy is within the jurisdictional limits of this Court.

## 6. PROCEDURAL REQUISITES

6.1.  All conditions precedent to the filing of this action have been met by Plaintiff in that he, on behalf of all others similarly situated individuals, filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a right-to-sue letter from said agency to pursue his claims based on discrimination.

6.2  The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of the notice from the EEOC.

## 7. FACTS

7.1.  NOV's website claims that it is "a worldwide leader in providing major mechanical components for land and offshore drilling rigs, complete land drilling and well servicing rigs, tubular inspection and internal tubular coatings, drill string equipment, extensive lifting and handling equipment, and a broad offering of downhole drilling motors, bits and tools."

7.2  In Spring 2011, Plaintiff, who is Black, began working on a temporary basis for NOV as a Welder/Fitter through ResourceMFG.

7.3  In Summer 2011, Plaintiff was asked to fill out an application for a permanent position with NOV as a Welder/Fitter.  Plaintiff's supervisor, Robert (last name unknown), had recommended him for a permanent position.  Plaintiff was told that the application was a formality, but to his surprise, he was not hired for a permanent position.  Robert and his supervisor were also surprised because they told Plaintiff they believed he was an excellent worker, and they had tried to get him hired on a permanent basis.

7.4  Plaintiff asked Robert and his supervisor why he was not hired, but they did not give a specific reason.  Robert indicated to Plaintiff that it was "something in [his] background,"

but that he was not given any specifics. As a result, NOV discontinued using Plaintiff as a temporary worker.

7.5 Thereafter, Plaintiff's lawyer, Laurence E. Stuart, obtained a copy of NOV's file relating to Plaintiff's application. The file had internal NOV documentation which appeared to show that Plaintiff's application was rejected because of a 33-year-old criminal conviction. As a result, Mr. Stuart attempted to contact NOV to confirm whether that was in fact the case. In response, Doug Grijalva, Corporate Counsel for NOV, left Mr. Stuart a voicemail which stated that Plaintiff's criminal conviction was the reason that Plaintiff was not hired. A recording of this conversation exists, and Mr. Grijalva stated that Plaintiff was not hired "because of his conviction for robbing a store back in '78."

7.6 In addition, in a later conversation between Mr. Stuart and Mr. Grijalva, Mr. Stuart advised Mr. Grijalva that NOV's reason for not hiring Plaintiff was in violation of Title VII according to the EEOC's recently published guidelines relating to use of criminal history. Mr. Stuart requested that NOV simply hire Plaintiff now. Despite this request, and the apparent notice of the violation of Title VII, NOV did not hire Plaintiff.

7.7 Plaintiff was not considered for employment by NOV because it illegally considered and relied upon his criminal history in deciding not to hire him. Based on information and belief, Defendant has a policy of not hiring individuals with a criminal history.

7.8 In accordance with the EEOC Guidelines on Title VII, NOV's policy of not hiring individuals with a criminal history disproportionately impacts Black applicants like Plaintiff.

7.9 Defendant's knowledge of Plaintiff's race or the race of any other applicants is immaterial as the decision to not hire based on criminal convictions has a disparate impact on Blacks.

7.10 Plaintiff brings this case on behalf of all other Black applicants that have sought employment with NOV and were not hired based on their criminal convictions.

## 8. FIRST CAUSE OF ACTION: TITLE VII

8.1. Plaintiff incorporates by reference the preceding paragraphs as set forth herein.

8.2 Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by Title VII.

8.3 Defendant, acting by and through its employees, has maintained a policy of discrimination in violation of the foregoing statute against Plaintiff.

8.4 Defendant has subjected a class of Black applicants to discrimination because of their race in violation of Title VII by using, and continuing to use, a selection criteria and process for hiring that has and continues to have a disparate impact on Blacks.

## 9. DAMAGES

9.1. As a direct and proximate result of the aforementioned arbitrary and capricious acts, Plaintiff has suffered economic loss, compensatory loss, and mental anguish.

## 10. EXEMPLARY DAMAGES

10.1. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered serious emotional distress. The wrong done by Defendant was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment

to deter Defendant from such conduct in similar situations.

## 11. ATTORNEY'S FEES

11.1.   Defendant's actions and conduct as described herein, and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of SHELLIST | LAZARZ | SLOBIN, LLP, 11 Greenway Plaza, Suite 1515, Houston, Texas 77046, in initiating this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 12. JURY DEMAND

12.1.   Plaintiff has requested a jury trial.

## 13. PRAYER

13.1.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff have the following relief:

- a. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;
- b. Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant's violations alleged in this Complaint;
- c. Pre-judgment interest at the highest legal rate;
- d. Post-judgment interest at the highest legal rate until paid;
- e. Back-pay;
- f. Front-pay;
- g. Mental/emotional anguish in the past;
- h. Mental/emotional anguish in the future;
- i Liquidated damages:

j. Punitive damages;

k. Attorney's fees;

l. Grant a permanent injunction enjoining Defendant from engaging in race discrimination, including discriminatory termination and denial to hire, and use of a selection criteria that has a disparate impact on Blacks; and

l. All costs of court expended herein.

Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

>Respectfully submitted,
>
>SHELLIST | LAZARZ | SLOBIN, LLP
>
>*/s/ Todd Slobin*_____
>TODD SLOBIN
>STATE BAR #24002953
>tslobin@eeoc.net
>MARTIN SHELLIST
>STATE BAR #00786487
>mshellist@eeoc.net
>11 Greenway Plaza, Suite 1515
>Houston, Texas 77046
>Telephone: (713) 621-2277
>Facsimile: (713) 621-0993
>
>ATTORNEYS FOR PLAINTIFF